IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**GABRIELLE RENOIR-LARGE**, *et al.*,

    **Plaintiffs**,

    vs.                                    **Civil Action 2:11-CV-0023**
                                                  **Judge Marbley**
                                                  **Magistrate Judge King**

**NORMA DARWIN LANE,**

    **Defendant.**


## REPORT AND RECOMMENDATION

Plaintiffs, residents of Ohio proceeding without the assistance of counsel, allege that defendant, a North Carolina resident who is also proceeding without the assistance of counsel, harassed and threatened plaintiffs through various internet message boards.  This matter is now before the Court, *see Order*, Doc. No. 46, on defendant's motion for a temporary retraining order and/or preliminary injunction, Doc. No. 44 ("*Defendant's Motion*").[1]  For the reasons set out below, the Court **RECOMMENDS** that *Defendant's Motion* be **DENIED**.

### I.  BACKGROUND

Plaintiffs allege that, since March 2010, defendant has stalked, threatened, harassed and libeled plaintiffs through various internet message boards, including the "JonBenet Ramsey Forum" hosted by Topix.com ("Topix") and the "Jeffrey MacDonald" message board hosted

---

[1]The Court construed defendant's request for "an Order of Protection" to be a request for a temporary restraining order and/or preliminary injunction. *Order*, Doc. No. 46.

by Yuku.com ("Yuku"). *Complaint*, Doc. No. 7.[2] The *Complaint* further alleges that defendant assaulted Plaintiff Renoir-Large on or around October 19, 2010. The *Complaint* seeks recovery of compensatory and punitive damages and injunctive relief.

In her motion,[3] defendant alleges that plaintiffs telephoned her residence on April 21, 2010 and on December 31, 2010 and telephoned her employer on March 7, 2011. *Defendant's Motion*, pp. 1-2. Defendant specifically alleges that she received the first call at 5:11 a.m. and there was "[j]ust dead silence." *Id*. at 2. Defendant alleges that, during the second call, Plaintiff David Ransbottom called her "vulgar names and threatened to come to her [defendant's] house and take care of her in person," which frightened defendant and her elderly mother. *Id.* at 1-2. Defendant alleges that, during the third call, Plaintiff Gabrielle Renoir-Large attempted to speak to defendant's employer, Russell Dallas. *Id*. at 2. Defendant seeks an order prohibiting plaintiffs "from contacting Defendant Norma Darwin Lane and any and all witnesses for the Defendant Norma Darwin Lane be it past, present or future witnesses." *Id.* at 3.

After a briefing schedule was established, *Order*, Doc. No. 49, plaintiffs responded to *Defendant's Motion*, Doc. No. 52 ("*Plaintiffs' Opposition*"). With the filing of defendant's reply memorandum, Doc.

---

[2]Plaintiffs have filed a motion for leave to file an amended complaint, Doc. No. 55, which is not yet at issue and which does not impact the resolution of *Defendant's Motion*.

[3]Plaintiffs, too, have filed motions for a temporary restraining order and/or preliminary injunction, Doc. Nos. 14 and 15, which were also referred to the undersigned for a *Report and Recommendation*. *Order*, Doc. No. 22. The Court intends to consider plaintiffs' motions for interim injunctive relief following briefing of plaintiffs' motion for leave to file an amended complaint, Doc. No. 55, and the resolution of that motion.

2

No. 58 ("*Defendant's Reply*"), this matter is now ripe for resolution.[4]

**II. STANDARD**

Rule 65 of the Federal Rules of Civil Procedure permits a party to seek injunctive relief if she believes that she will suffer irreparable harm or injury. Fed. R. Civ. P. 65(a) and (b). A temporary restraining order relates only to restraints sought without written or oral notice to the adverse party, whereas the application is properly treated as one for a preliminary injunction where the adverse party has been given notice. *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (citing *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978)); Fed. R. Civ. P. 65(a) and (b).

"The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *United Food & Commer. Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 348 (6th Cir. 1998) (quoting *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978) (internal quotation marks omitted)). The decision whether or not to grant a request for interim injunctive relief falls within the sound discretion of the district court. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982). An injunction, however, is an extraordinary remedy that should be granted only after the Court has considered the following four

---

[4] As this motion can be resolved on the parties' filings, there is no need for an evidentiary hearing. *See Potter v. Havlicek*, No. 3:06-cv-211, 2007 U.S. Dist. LEXIS 10677, at *10 (S.D. Ohio Feb. 14, 2007) ("A hearing is not always necessary on a motion for a preliminary injunction.") (citing, *inter alia*, 11A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 2949).

factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*)) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)).  These four considerations need not all be met but are rather factors to be balanced.  *In re DeLorean Motor Co.*, 755 F.2d at 1229; *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).  "Moreover, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue."  *Jones v. City of Monroe,* 341 F.3d 474, 476 (6th Cir. 2003).  Finally, the movant bears the burden of establishing that "the circumstances clearly demand" this extraordinary remedy.  *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

**III. DISCUSSION**

Defendant initially asked this Court to prohibit plaintiffs from contacting defendant or her witnesses.  Defendant has since retreated from this broad request, but she remains concerned that plaintiffs may attempt to intimidate her or her witnesses.  *See Defendant's Reply*, p. 10 (clarifying that defendant "is not trying to block Plaintiff's [sic] legal access to witnesses; rather she is only seeking to make sure they [the witnesses] are not threatened or bullied and that it

[discovery] be done in a civilized manner"). She therefore seeks a temporary restraining order and/or a preliminary injunction to prevent such an occurrence.

Defendant has failed to establish that "the circumstances clearly demand" the extraordinary remedy that she seeks. *Overstreet*, 305 F.3d at 573. The Court is not persuaded that defendant has established a strong likelihood that plaintiffs will intimidate witnesses, thereby causing irreparable harm to defendant. Two of the three telephone calls cited in *Defendant's Motion*[5] occurred several months ago – on April 21, 2010 and on December 31, 2010 – a fact that undermines defendant's current claim of immediate and irreparable harm. *See*, *e.g.*, *Greer v. Detroit Pub. Sch.*, No. 10-14623, 2011 U.S. Dist. LEXIS 4224, at *15 (E.D. Mich. Jan. 18, 2011) (finding that, *inter alia*, a five-month delay militated against a finding of irreparable harm). Moreover, the timely filings and multiple motions recently filed by defendant in this litigation establish that none of the three telephone calls to plaintiff and her employer have impaired her defense, *i.e.*, the calls have not intimidated defendant from mounting a defense in this action.

As noted *supra*, defendant now asks this Court for an order prohibiting plaintiffs from threatening or bullying witnesses and requiring that plaintiffs conduct discovery in a "civilized" manner. Stated differently, defendant seeks an order essentially requiring that plaintiffs comply with the Federal Rules of Civil Procedure. Plaintiffs – indeed all parties, whether proceeding *pro se* or with the

---

[5]In her reply, defendant also refers – without any evidentiary support – to other alleged telephone calls.

5

assistance of counsel – are required to comply with the Federal Rules of Civil Procedure.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).  All parties to this action are reminded that they must follow the Federal Rules of Civil Procedure and that they will be subject to sanctions should they fail to do so.  *See* Fed. R. Civ. P. 37.  Moreover, the parties are reminded that witness intimidation or tampering is a federal felony offense, punishable by a term of imprisonment of up to twenty (20) years.  *See* 18 U.S.C. § 1512(b). To issue a preliminary injunction in this context would be superfluous and further persuades this Court that its discretion is better exercised in denying defendant's request for the extraordinary relief sought in *Defendant's Motion*.

It is therefore **RECOMMENDED** defendant's motion for a temporary restraining order and/or a preliminary injunction, Doc. No. 44, be **DENIED**.[6]

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy

---

[6]In reaching this conclusion, the Court specifically notes that it need not and does not consider the repetitive personal attacks and numerous unrelated exhibits contained in the parties' filings. These attacks and filings are simply irrelevant to the resolution of *Defendant's Motion;* indeed, they are irrelevant to the issues in the case.  The parties are warned that the Court will not tolerate abuse of the judicial process or of the participants in that process.

thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

May 20, 2011                              s/Norah McCann King
                                          Norah M$^c$Cann King
                                     United States Magistrate Judge