```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**GABRIELLE RENOIR-LARGE,** *et al.***,**

    **Plaintiffs,**

    **vs.**                                      **Civil Action 2:11-CV-0023**
                                                                **Judge Marbley**
                                                                 **Magistrate Judge King**

**NORMA DARWIN LANE,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiffs, residents of Ohio proceeding without the assistance of counsel, allege that defendant, a North Carolina resident who is proceeding without the assistance of counsel, harassed and threatened plaintiffs through various internet message boards.  This matter is now before the Court on plaintiffs' motions for a temporary restraining order and/or a preliminary injunction, Doc. Nos. 14 and 15[1] (collectively, "plaintiffs' motions").  For the reasons that follow, the Court **RECOMMENDS** that plaintiffs' motions be **DENIED**.

**I.**     **BACKGROUND**[2]

Plaintiffs allege that, since March 2010, defendant has stalked, threatened and harassed plaintiffs through various internet message

---

[1] After reviewing both motions, the Court concludes that the only difference between the two is that the later filed motion contains additional factual allegations.  *See*, Doc. No. 15, p. 2.  For ease of reference, the Court will refer to page numbers in the later filed motion, Doc. No. 15.

[2] In addressing the motions for interim injunctive relief, any findings of fact and conclusions of law made by this Court are not binding at a trial on the merits.  *See*, *e.g.*, *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)).

boards, including the "JonBenet Ramsey Forum" hosted by Topix.com ("Topix") and the "Jeffrey MacDonald" message board hosted by Yuku.com ("Yuku").  *See Amended Complaint*, Doc. No. 67, ¶¶ 8-20.[3]  Plaintiffs specifically allege that defendant's published comments constitute libel.  *Id*. at ¶¶ 99-136.  The *Amended Complaint* seeks recovery of compensatory and punitive damages and injunctive relief.  *Id*. at ¶ 137.

Plaintiffs filed two motions for temporary restraining orders and/or injunctive relief, which were referred to the undersigned for consideration and a *Report and Recommendation*.  Doc. Nos. 14 and 15; *Order*, Doc. No. 25.  In their requests for interim injunctive relief, plaintiffs allege that, since January 7, 2011, defendant has, through postings on Topix, attempted to intimidate plaintiffs into dropping this lawsuit.  Doc. No. 15, pp. 1-2.  Plaintiffs contend that, without interim injunctive relief, they "will suffer further permanent and irreparable damage to their private lives, reputations, physical, emotional, and mental health and ability to secure work" and that plaintiffs "could suffer severe economic loss."  *Id*. at 2.  Plaintiffs further argue that "[i]mmediate action is also required to secure the safety and security of both Plaintiffs and Plaintiffs' families."  *Id*.

On March 7, 2011, the undersigned held a conference addressing *Plaintiffs' Motions*, pursuant to S.D. Ohio Civ. R. 65.1.  All parties participated in the conference and had the opportunity to address

---

[3]On June 15, 2011, after plaintiffs had filed their motions for interim injunctive relief, the Court granted plaintiffs leave to file an amended complaint.  *Opinion and Order*, Doc. No. 66.

these motions and to summarize their respective positions.[4]  In accordance with the briefing schedule established at that conference, *Order*, Doc. No. 36, defendant filed a response to plaintiffs' motions, Doc. No. 39 ("*Defendant's Memo. in Opp.*").  With the filing of plaintiffs' reply memorandum, Doc. No. 47 ("*Plaintiffs' Reply*"), this matter is now ripe for resolution.[5]

**II.  STANDARD**

Rule 65 of the Federal Rules of Civil Procedure permits a party to seek injunctive relief if the party believes that he or she will suffer irreparable harm or injury.  Fed. R. Civ. P. 65(a) and (b).  A temporary restraining order relates only to restraints sought without written or oral notice to the adverse party, whereas the application is properly treated as one for a preliminary injunction where the adverse party has been given notice.  *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (citing *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978)); Fed. R. Civ. P. 65(a) and (b).

"The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits."  *United Food & Commer. Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341,

---

[4]On the same day, plaintiffs also filed a memorandum in support of their motions.  Doc. No. 34.

[5]As this motion may be resolved on the parties' filings, there is no need for an evidentiary hearing.  *See Potter v. Havlicek*, No. 3:06-cv-211, 2007 U.S. Dist. LEXIS 10677, at *10 (S.D. Ohio Feb. 14, 2007) ("A hearing is not always necessary on a motion for a preliminary injunction.") (citing, *inter alia*, 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2949).

348 (6th Cir. 1998) (quoting *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978) (internal quotation marks omitted)).  The decision whether or not to grant a request for interim injunctive relief falls within the sound discretion of the district court.  *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982).  An injunction, however, is an extraordinary remedy that should be granted after the Court has considered the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc)) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)).  These four considerations need not all be met but are rather factors to be balanced.  *In re DeLorean Motor Co.*, 755 F.2d at 1229; *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).  "Moreover, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003).  The movant bears the burden of establishing that "the circumstances clearly demand" this extraordinary remedy.  *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

**III. DISCUSSION**

In the case *sub judice*, plaintiffs assert claims for libel, which is defamation in written form. *Amended Complaint*, Doc. No. 67, ¶¶ 99-137; *Mawaldi v. St. Elizabeth Health Ctr.*, 381 F. Supp. 2d 675, 688 (N.D. Ohio 2005);[6] *McCartney v. Oblates of St. Francis deSales*, 80 Ohio App.3d 345, 353 (1992) ("Defamation is the unprivileged publication of a false and defamatory matter about another.").[7]  Plaintiffs seek interim injunctive relief "to stop Defendant's stalking, harassment, and attempted intimidation of all three Plaintiffs[.]"  Doc. No. 15, p. 1.  Plaintiffs initially sought an order prohibiting defendant from, *inter alia*, posting "personal information and threats about the Plaintiffs and about certain members of the Plaintiffs' families" on certain internet message boards.  Doc. No. 15, p. 1.  However, plaintiffs have since broadened their request, asking that defendant be restrained from posting anything at all on certain internet websites, restricting defendant's ability to conduct online research and asking that some of defendant's filings be stricken.  Doc. No. 47, pp. 22-23.  Plaintiffs now also ask the Court to order non-parties to take certain action in order to limit defendant's alleged activities.

---

[6]"A court sitting in diversity applies the law of the forum state and, in the absence of direct state court precedent, must make its best prediction as to how the highest state court would resolve the issues presented." *Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co.*, 598 F.3d 257, 264 (6th Cir. 2010) (citing *Stalbosky v. Belew*, 205 F.3d 890, 893-94 (6th Cir. 2000)).  The substantive law of Ohio applies to this matter as plaintiffs filed this action in federal court in Ohio on the basis of diversity jurisdiction.  The parties have offered no case authority on this particular issue and therefore do not appear to dispute this conclusion.

[7]To establish a claim of defamation, whether based upon libel or slander, a plaintiff must show: (1) a false statement; (2) about the plaintiff; (3) that was published without privilege to a third party; (4) with fault or at least negligence on the part of the defendant; and (5) that the statement was either defamatory per se or caused special harm to plaintiff. *Gosden v. Louis*, 116 Ohio App.3d 195, 206, 687 N.E.2d 481 (1996) (citations omitted).

*Id*. at 23 (asking that defendant's work supervisor be ordered "to closely monitor Defendant's activities and not permit her to abuse her workplace to stalk Plaintiffs and seek to discover private information about them" and asking that "relevant Ohio counties" be ordered "to immediately seal the marriage licenses and certificates of the Plaintiffs" or be ordered to redact certain information from these documents).

However, plaintiffs' requested injunction amounts to a prior restraint on defendant's speech. *See Alexander v. United States*, 509 U.S. 544, 550 (1993) ("Temporary restraining orders and permanent injunctions – *i.e.*, court orders that actually forbid speech activities – are classic examples of prior restraints."). "'[I]n the case of a prior restraint on pure speech [when First Amendment rights are implicated], the hurdle [imposed on a party seeking such injunctive relief] is substantially higher [than in a case involving an injunction that does not seek a prior restraint]: publication must threaten an interest more fundamental than the First Amendment itself.'" *County Sec. Agency v. The Ohio Dep't of Commerce*, 296 F.3d 477, 485 (6th Cir. 2002) (quoting *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226-27 (6th Cir. 1996)). In light of the "heavy presumption" against prior restraints, *see New York Times Co. v. United States*, 403 U.S. 713, 714 (1971) (internal quotation marks and citations omitted), the party seeking to impose a prior restraint "'thus carries a heavy burden of showing justification for the imposition of such a restraint.'" *County Sec. Agency*, 296 F.3d at 485 (quoting *New York Times Co.*, 403 U.S. at 714).

Therefore, to the extent that defendant's speech at issue might

be defamatory and plaintiffs now seek to impose a prior restraint on such speech, "the usual rule is that 'equity does not enjoin a libel or slander and that the only remedy for defamation is an action for damages.'"  See *Lothschuetz v. Carpenter*, 898 F.2d 1200, 1206 (6th Cir. 1990) (quoting *Cmty. for Creative Non-Violence v. Pierce*, 814 F.2d 663, 672 (D.C. Cir. 1987)).  While the United States Court of Appeals for the Sixth Circuit has authorized a limited injunction prohibiting an individual "from continuing and reiterating the same libelous and defamatory" statements in accordance with a more modern rule, that Court specifically "limit[ed] the application of such injunction to the statements which have been found in. . . proceedings to be false and libelous."  *Id*. at 1206 (Guy, J., majority opinion except as to injunctive relief), 1209 (Wellford, J., majority opinion as to injunctive relief, concurring in part and dissenting in part).  *See also Lassiter v. Lassiter*, 456 F. Supp.2d 876, 884 (E.D. Ky. 2006) (concluding that Kentucky courts would permit injunctive relief against defamation[8] where, *inter alia*, the injunction be "clearly and narrowly drawn" and that there be an adjudication of falsity or illegality, established "by at least *clear and convincing evidence*," prior to the issuance of the injunction) (emphasis added), *abrogated by Hill v. Petrotech Res. Corp.*, 325 S.W.3d 302, 309 (Ky. 2010) ("[D]efamatory speech may be enjoined *only after the trial court's final determination by a preponderance of the evidence* that the speech at issue is, in fact, false, and only then upon the condition that the

---

[8]A defamation claim under Kentucky law requires: "1. defamatory language[,] 2. about the plaintiff[,] 3. which is published and[,] 4. which causes injury to reputation."  *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004).

7

injunction be narrowly tailored to limit the prohibited speech to that which has been judicially determined to be false.") (emphasis added).

Here, although the usual rule provides that defamation may be remedied only by an action for damages, even application of the modern rule bars plaintiffs' requested injunction.  First, there has been no final determination that defendant's statements are false and libelous.  *Lothschuetz*, 898 F.2d at 1206.  Second, even if this Court later determines after such adjudication that an injunction is appropriate, plaintiffs' requested relief extends well beyond the allegedly defamatory statements posted by defendant.  As noted *supra*, plaintiffs ask this Court to, *inter alia*, (1) completely ban defendant from posting on certain internet websites and prohibit defendant from talking with anyone about plaintiffs except to the extent the such discussion "is irrelevant to this case," that is, impose restrictions that capture activity that is not defamatory, and (2) order outside third parties, an individual and unidentified "Ohio counties," to take certain action.  Instead, such an injunction must be narrow and limited in scope to the statements found to be defamatory.  *Id*. at 1208-09.  *See also Lassiter*, 456 F. Supp.2d at 884.  *Cf*. *County Sec. Agency*, 296 F.3d at 485 (imposing a heavy burden on the party seeking to impose a prior restraint).  Stated differently, plaintiffs' requests for injunctive relief is improper because they seek to enjoin conduct that is not in and of itself actionable.  Therefore, at this stage in the proceedings, plaintiffs' requests cannot be met.

Moreover, even if this Court went on to consider the preliminary injunction factors in connection with plaintiffs' request, plaintiffs nevertheless fail to establish that "the circumstances clearly demand"

the extraordinary remedy that they seek.  *See Overstreet*, 305 F.3d at 573.  For example, the Court is not persuaded that plaintiffs have established a strong likelihood that defendant will intimidate or injure plaintiffs, thereby causing irreparable harm.  To establish irreparable harm, plaintiffs must show that, unless their motion is granted, "they will suffer 'actual and imminent' harm rather than harm that is speculative or unsubstantiated."  *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006).  Here, plaintiffs initially asserted an assault claim, alleging that they feared that defendant would inflict on them "a violent physical injury[.]" *Complaint*, Doc. No. 7, ¶¶ 141-50.[9]  *See also Affidavit of Gabrielle Renoir-Large in Support of Plaintiffs' Motion for a Preliminary Injunction / Temporary Restraining Order*, ¶ 5, attached to Doc. No. 34 ("I am actually frightened of coming to the Courthouse.  I feel Defendant or one of her friends would not hesitate to commit a violent act.").  However, plaintiffs later abandoned their assault claim when they filed the *Amended Complaint*, which suggests that plaintiffs no longer fear injury from defendant.  The timely filings and recent motions filed by plaintiffs in this litigation further establish that defendant's actions have not intimidated plaintiffs.  Indeed, plaintiffs specifically assert that they "have no fear regarding this lawsuit or they would not have initiated it."  Doc. No. 47, ¶ 9.[10]  Therefore, any

---

[9]To the extent that plaintiffs fear injury to their family members, the Court will not address such claims.  Plaintiffs have no standing to assert claims on behalf of these unidentified non-parties.

[10]As this Court previously observed, *Report and Recommendation*, Doc. No. 59, witness intimidation or tampering is a federal felony offense, punishable by a term of imprisonment of up to twenty (20) years.  *See* 18 U.S.C. § 1512(b).

professed harm is simply too speculative at this time to support plaintiff's requested relief. *See Abney*, 443 F.3d at 552.

Similarly, to the extent that plaintiffs complain that defendant has posted "personal and private information" about them on the internet, the Court is not persuaded at this time that such harm rises above the speculative level. For example, although plaintiffs allege that defendant "boasted" about posting plaintiff Renoir-Large's Social Security number online, *Amended Complaint*, ¶ 53, plaintiffs concede that Topix has already removed such posts. Doc. No. 34, ¶ 7; Doc. No. 47, ¶ 8. Likewise, other information identified by plaintiffs – such as names, addresses and information about marriage licenses – is frequently available to the public through probate courts and government websites. Under these circumstances, there is no threat of imminent, irreparable harm where the information identified by plaintiffs has been removed or is already lawfully available to the public.[11] Therefore, because plaintiffs have not established irreparable harm, their request for injunctive relief is unwarranted. *Cf. United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004) (stating that the purpose of a preliminary injunction is to preserve the status quo).

Moreover, as noted *supra*, defendant would suffer constitutional harm from a prior restraint on speech if this Court granted plaintiffs' request for interim injunctive relief. This is

---

[11]Plaintiffs also allege that they "*could* suffer severe economic loss" absent the requested injunction. Doc. No. 15, ¶ 4 (emphasis added). However, as plaintiffs' own language establishes, such loss is wholly speculative. *See Abney*, 443 F.3d at 552 (stating that harm must be "actual and imminent," not speculative or unsubstantiated).

particularly true on the present record where plaintiffs' requested relief extends beyond allegedly defamatory statements and seeks to curtail defendant's lawful exercise of her First Amendment rights via the internet.

Finally, "the public interest is served by preventing the violation of constitutional rights." *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 436 (6th Cir. 2004). Here, granting plaintiffs' request for injunctive relief would not serve this interest but would, rather, impair it, as defendant's rights would be harmed by issuing the requested injunction. This factor thus also weighs against issuing the requested injunction.[12]

Accordingly, this Court concludes that, based on the present record, plaintiffs have not met the high standard necessary for extraordinary injunctive relief. It is therefore **RECOMMENDED** that plaintiffs' motions for a temporary restraining order and/or a preliminary injunction, Doc. Nos. 14 and 15, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28

---

[12]Finally, the Court need not address plaintiffs' multiple requests to strike information "from the record" that plaintiffs believe "is so inflammatory as to unfairly prejudice a jury against Plaintiffs[.]" *See*, *e.g.*, Doc. No. 47, ¶¶ 8, 13-16, 20, 27, 29-30, 32-33, 35-36, 38. Such overly broad requests are defective for the reasons previously discussed *supra*. Moreover, assuming that this case proceeds to trial, a jury will not have access to information simply because the parties filed such information with the Court prior to trial.

U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*,  638 F.2d 947 (6th Cir. 1981).

July 20, 2011                                           s/Norah McCann King
                                                        Norah M<sup>c</sup>Cann King
                                                    United States Magistrate Judge